FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 27 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JENNY L. GWATNEY                                  PLAINTIFF

VS.                  CASE NO.: 4:20-cv-598-LPR

CENTRAL FLYING SERVICE, INC.                        DEFENDANT

## COMPLAINT

1. This action is brought by Plaintiff, Jenny Gwatney, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and the Civil Rights Act of 1991. Plaintiff claims damages for stress and mental anguish caused by a hostile work environment, sexual in nature, and retaliation for having complained about sexual harassment by co-employees, including one John Petefish.

### Jurisdiction

2. Jurisdiction for this action is provided by 42 U.S.C. § 2000€-5, which allows for injunctive and other remedial relief, as well as damages for discrimination in employment.

### Parties

3. Plaintiff, Jenny Gwatney is a citizen of the United States currently residing in the State of Arkansas. At the time of the events giving rise to this Complaint, Plaintiff was a resident of Clinton, Van Buren County, Arkansas.

4. Defendant, Central Flying Service, Inc. is a domestic corporation. At all relevant times, Defendant has been and is now doing business in the State of Arkansas and the City of

This case assigned to District Judge Rudofsky
and to Magistrate Judge Harris

Little Rock, Pulaski County, Arkansas, and has continuously had and does now have at least 15 employees. Defendant is general aviation company.

5. That Defendant's agent for service is Richard Holbert, 1501 Bond Street, Little Rock, AR 72202.

6. More than thirty days prior to the institution of this lawsuit, Jenny Gwatney filed a Charge with the EEOC alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the National Labor Relations Act, 29 U.S.C. § 141 et seq., and the Civil Rights Act of 1991 by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled. Plaintiff received a Notice of Rights from the EEOC on or about March 3, 2020. A copy of the Notice is attached to this Complaint as Exhibit "A".

7. Defendant at all relevant times met all statutory requirements under 42 U.S.C. § 2000e et seq.

## Cause of Action

8. Plaintiff was employed by Defendant on September 17, 2017 as a Maintenance Data Entry Clerk.

9. Plaintiff reported to Vice President of Parts and Service, David Smith.

10. Plaintiff was subjected to abusive and language of a sexual nature by several co-employees.

11. On or about October 7, 2018, Plaintiff received 10-15 texts back to back from John Petefish, the Director of Project Management, from his work cell phone. The majority of the texts stated, "hey, where are you" over and over.

12. Plaintiff did not text Petefish back; however, a few minutes later Petefish texted Plaintiff's 16-year-old daughter. Petefish text messages to Plaintiff's daughter stated, "where's your mom?", "stranger danger", "your grounded" and "I'll spank your bottom".

13. Petefish then texted Plaintiff that he "scared your daughter".

14. On or about October 8, 2018, Plaintiff met with Smith to report the text messages she received from Petefish.

15. Smith's response to Plaintiff was to tell her she is a pretty girl and that Petefish lost his wife a year ago and that she should go talk to him.

16. On or about October 10, 2018, Petefish stopped by Plaintiff's desk to let her know he had been told that he scared Plaintiff's daughter and that he should not have texted Plaintiff.

17. Plaintiff then asked Petefish not to text her or her daughter. Petefish responded, "how will I know where you are?". He also stated, "I miss your laughter and I hear you talking to people and I get jealous."

18. Although Plaintiff complained to David Smith on October 8, 2018, Defendant states it did not learn of the complaint until July 30, 2019, which means Smith apparently did not report the complaint to HR, or HR chose not to take any action.

19. Plaintiff was also experienced other abuse and harassment by sales staff members and other co-workers.

20. Plaintiff pleads an ongoing pattern of sexual discrimination (harassment).

21. "When Title VII violations are continuing in nature, the limitations period contained in § 2000e-5(e)(1) does not begin to run until the last occurrence of discrimination." *Hukkanen v. International Union of Operating Engineers, Hoisting & Portable LocaL No. 101,* 3

F.3d 281, 284, (8th Cir. 1993); see also *Gipson v. KAS Snacktime Co.,* 83 F.3d 225, 228 (8th Cir.1996) (same).

22. Since the date of Plaintiff's complaints, sexual harassment has continued throughout the time that she was on the job.

23. Defendant has violated both Section 703 and Section 704(a) of Title VII, 42 U.S.C. § 2000-3, by allowing continued sexual harassment of Plaintiff.

24. Defendant is subject to vicarious liability to Plaintiff for the actionable hostile environment it has created by its employees and superiors.

25. That ultimately, Defendant terminated Plaintiff without a legitimate basis.

26. In fact, Plaintiff did not have any negative items in her personnel/employee file and was given raises on multiple occasions.

27. That the Defendant terminated plaintiff in retaliation for her reporting and complaining about the sexual harassment and hostile work environment that existed with Defendant.

28. That Plaintiff should be awarded back pay and front pay.

29. That Plaintiff should be awarded compensatory damages for emotional distress and mental anguish.

30. That Plaintiff should be awarded punitive damages for defendant's conduct.

31. That Plaintiff should be awarded her attorneys fees and costs.

Wherefore, Plaintiff prays the Court cause service to issue upon Defendant in this matter and advance this case on the docket, order a speedy hearing and on such hearing to this Court that it:

Enter a declaratory judgment declaring that the practices complained of herein are unlawful and violative of Title VII;

Grant a Judgment against Defendant as follows:

Award Plaintiff compensatory damages in excess of $75,000 and punitive damages in an amount to be determined at trial;

Award Plaintiff her costs and disbursements incurred in bringing this action, including a reasonable attorney fee and prejudgment expenses and costs as provided by law; and

Grant such other and further relief as is equitable and just.

### Jury Trial Demand

Plaintiff requests trial by jury on all questions of fact raised in the Complaint.

Respectfully submitted,

Danny R. Crabtree
Bar Number 2004006
Attorney for Plaintiffs
114 S. Pulaski Street
Little Rock, Arkansas 72201
Telephone: (501) 372-0080
Email: danny@crabtreelawar.com

EEOC Form 161 (11/16)                    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jenny L. Gwatney<br>1153 Possum Walk<br>Clinton, AR 72031 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2019-02264 | Rodney E. Phillips,<br>Investigator | (501) 324-6473 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

[signature]

**William A. Cash, Jr.,**
**Area Office Director**

MAR 0 3 2020
*(Date Mailed)*

Enclosures(s)

cc:  Allison C. Pearson
     Attorney
     FRIDAY FIRM
     400 W. Capitol, Ste. 2000
     Little Rock, AR 72201


Exhibit A



# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**  --  **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**  --  **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**  --  **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**  --  **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*